UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

FILED
JUL 1 1 2008
CLERK

| | | |
|---|---|---|
| FAUSTINO MARTINEZ, | ) | CIV. 08-5036 |
| | ) | CR. 06-50050-RHB |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On January 24, 2007, petitioner pleaded guilty to one count of conspiracy to distribute 100 grams or more of heroin. A sentencing hearing was held on April 10, 2007. At that hearing, petitioner was sentenced to serve 92 months incarceration followed by 5 years of supervised release. Petitioner did not appeal. On April 15, 2008, petitioner filed this motion for writ of habeas corpus pursuant to 28 U.S.C. § 2255, alleging that he received ineffective assistance of counsel in violation of his constitutional rights.

Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides in part that "[t]he judge who receives the motion must promptly examine it. If it plainly appears from the motion that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify

the moving party." The Eighth Circuit has held that "[a] § 2255 motion 'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petition to relief, or (2) the allegations cannot be accepted as true because they are contracted by the record, inherently incredible, or conclusions rather than statement of fact.'" Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (quoting Engelen v. United States, 68 F.3d 238, 241 (8th Cir. 1995)). As stated previously, petitioner alleges that he received ineffective assistance of counsel. To prove such a claim, petitioner must show that "(1) counsel's performance fell below the Strickland standard of reasonableness; and (2) there is a reasonable probability that but for counsel's errors, [he] would not have pleaded guilty but would have proceeded to trial." United States v. Davis, 508 F.3d 461, (8th Cir. 2007) (citing Hill v. Lockhart, 474 U.S. 52, 57-59, 106 S. Ct. 366, 88 L. Ed. 2d 203 (1985)).

Petitioner alleges that his counsel was ineffective because he did not thoroughly investigate petitioner's criminal history and thus, failed to accurately calculate what his sentence would be under the Sentencing Guidelines. As a result, petitioner alleges that counsel was ineffective when advising petitioner that he would receive 60 months under the Guidelines as opposed to the 92 month sentence he received. Furthermore, petitioner alleges that his counsel was ineffective when counsel did not object to the criminal history portion of the presentence

investigation report and when counsel failed to inform the Court that he had advised his client that he would be facing a sentence of 60 months.

During the plea hearing, petitioner was informed by the Court that "[t]he maximum penalty for this offense is 40 years imprisonment, a $2 million fine, or both; payment of $100 to the Victim's Assistance Fund, and a supervised release period of five years. There is a mandatory minimum of five years incarceration." Petitioner was also informed "that the Court [would] not be able to determine the guideline sentence for [him] until after the Court [had] received a written presentence report . . . ." Plea Transcript, p. 7, ln. 19-21. In fact, petitioner was specifically asked if he understood that the Court could not tell him what his guideline sentence would be until after the receipt of the presentence report and considering any objections made by petitioner, to which he responded that he understood. Plea Transcript, p. 9, ln. 12-18. Petitioner was made aware of the potential sentence and the inability for anyone to predict what the final sentencing range would be prior to his entry of a guilty plea. Petitioner's plea was knowing and voluntary. With the repeated admonitions made by the Court to petitioner, any potential prejudice to petitioner resulting from the flawed advice of counsel is not great enough to require the vacation of the sentence. Furthermore, the Eighth Circuit has held that "a defendant who pleads guilty has no right to be apprised of the sentencing options outside the statutory maximum and minimum sentences."

United States v. Granados, 168 F.3d 343, 345 (8th Cir. 1999) (citing Thomas v. United States, 27 F.3d 321, 326 (8th Cir. 1994)). As a result, the Court finds that these claims are not viable. See also United States v. Davis, 508 F.3d 461, 463 (8th Cir. 2007).

Petitioner also alleges that counsel "failed to advise [him] as to all facts and law relevant to his decision to plead guilty" and that "counsel labored under actual conflict of interest which adversely affected his performance during the pretrial, plea, and sentencing process in this case." Petitioner does not state which facts he was not advised of, nor does he describe how his counsel had a conflict of interest.

When a petitioner alleges ineffective assistance due to a conflict of interest, petitioner must show "that the conflict adversely affected [his] lawyer's performance." Covey v. United States, 377 F.3d 903, 908 (8th Cir. 2004) (citing Cuyler v. Sullivan, 446 U.S. 335, 348, 100 S. Ct. 1708, 64 L. Ed. 2d 333 (1980)). The Eighth Circuit further explained that "[t]o demonstrate adverse effect, [petitioner] must identify 'some actual and demonstrable adverse effect on the case, not merely an abstract or theoretical one.'" Covey, 377 F.3d at 908 (quoting United States v. Flynn, 87 F.3d 996, 1001 (8th Cir. 1996)). "Effect on representation" was further defined as meaning "'that the conflict caused the attorney's choice, not that the choice was prejudicial in any other way.'" Covey, 377 F.3d at 908 (quoting McFarland v. Yukins, 356 F.3d 688, 705 (6th Cir. 2004)). Even assuming that a conflict of interest existed,

petitioner has not shown that the conflict had an effect on representation. As a result, the Court finds this claim to be meritless. Accordingly, it is hereby

ORDERED that petitioner's application for writ of habeas corpus (Docket #1 in CIV. 08-5036, Docket #35 in CR. 06-50050) is denied.

IT IS FURTHER ORDERED that petitioner's motion for appointment of counsel (Docket #41 in CR. 06-50050) is denied.

Dated this 11th day of July, 2008.

BY THE COURT:

/s/ Richard H. Battey
RICHARD H. BATTEY
UNITED STATES DISTRICT JUDGE